SUCCESSOR OF SCHLÜTER & Co., Plaintiff and Appellee, *v.* MANUEL GONZÁLEZ, Defendant and Appellant.

No. 3551. Argued April 24, 1925.—Decided May 29, 1925.

1. DEBT—PARTNERSHIP—MANAGING PARTNER—PROMISSORY NOTE. — A managing partner can not sue individually on a promissory note made payable to the partnership by pleading only his capacity as such managing partner.
2. ID.—ID.—ID.—ID.—PLEADING.—In an action to recover on a promissory note it is necessary to allege that the note had been signed and delivered, or at least that the plaintiff was the holder of the note.

District Court of Humacao.   Default judgment entered in accordance with the prayer of the complaint. *Reversed and remanded.*

*González Fagundo & González, Jr.,* for the appellant. *Antonio L. López* and *Julio Reguero González* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action of debt. The defendant demurred to the complaint on the ground that it failed to state a cause of action. His plea was overruled and upon failure to answer a default judgment was entered against him.

The appellant assigns two errors.

[1] The first assignment is on the ground that although the title of the complaint shows that Successor of Schlüter & Co. is the plaintiff, as the promissory notes on which the claim is based were made payable to the firm, yet according to the commencement of the complaint Ernesto Fernando Schlüter, in his capacity of managing partner of Successor of Schlüter & Co., brought the action in the name of the partnership.

It is also alleged in the complaint that Successor of Schlüter & Co. sold fertilizer to the defendant on credit and that he signed four promissory notes, the amounts and dates of maturity of which are set forth. Such being the case, the appellant is right. The firm may sue for payment of the promissory notes, but not the managing partner by pleading only his capacity as such.

[2] Under the second assignment it is alleged that it is not enough to allege that the defendant signed the promissory notes in favor of the plaintiff, the appellant contending that in failing to allege also the delivery of the notes neither Successor of Schlüter & Co. nor its managing partner can sue to recover on them.

Section 80 of the Law of Evidence (Comp. 1911, sec. 1448) reads as follows:

"Sec. 80.—The execution of an instrument is the subscribing and delivering it, with or without affixing a seal."

The statute seems clear. It is not enough to sign the instrument; but its delivery is essential. The theory of the law is that the contract is consummated by the delivery of the instrument.

"It is an essential ingredient in every written contract that it

be delivered by the party obligating himself, to some one who has a right to control it; the delivery, being the evidence of the assent of the promisor, and the reception by the promisee, consummates the contract. And so as a general rule, a negotiable promissory note, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties." 3 R.C.L. p. 859, sec. 40.

See the case of *Bennett* v. *Boschetti,* 31 P.R.R. 809.

The question now to be determined is whether in the absence of that allegation the complaint is sufficient. It merely alleges that the defendant signed the notes made payable to the plaintiff. In view of the requirements of the law and jurisprudence in the execution of private documents it seems that such an allegation is not sufficient to establish a cause of action. However, if the plaintiff had alleged also that it was the holder of the notes, an averment of delivery would not have been indispensable for the reason that the law presumes delivery in such cases and the overthrow of that presumption would be a matter of evidence.

."The holder of a bill or note need not prove the delivery; for the law will presume a delivery, unless something is made to appear which counteracts such presumption. If the payee of a note has it in his possession, that fact is deemed to be prima facie evidence that it has been delivered." 3 R.C.L., p. 859, sec. 40.

The district court erred in not sustaining the defendant's demurrer and for this reason the judgment must be reversed, with leave to the plaintiff to amend the complaint.